United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUYDMILA STARKEY,

Plaintiff,

v.

JOHN M. MCHUGH, SECRETARY OF THE DEPARTMENT OF THE ARMY,

Defendant.

Case No. 14-cv-02525-PSG

**ORDER GRANTING-IN-PART MOTION TO COMPEL RULE 35 EXAMINATIONS**

**(Re: Docket No. 94)**

Plaintiff Luydmila Starkey, a former employee of the Department of the Army, alleges that the latter is liable to her under Title VII of the Civil Rights Act of 1964 for sexual harassment, sex discrimination and retaliatory firing.[1] Starkey alleges that the experience caused her severe emotional distress that forced her to take medical leave and continues to this day.[2] Defendant John M. McHugh, in his capacity as Secretary of the Department of the Army, moves under Fed. R. Civ. P. 35 to compel Starkey to submit to examinations by a psychiatric expert and a vocational rehabilitation expert.[3] Starkey objects that the proposed psychological examination would be too broad and invasive and that the vocational examination is unnecessary.[4] For the reasons set forth below, the Secretary's motion is GRANTED-IN-PART.

***First***, the Secretary asks the court to order a broad mental examination of Starkey by the

[1] *See* Docket No. 1 at ¶¶ 40-64.

[2] *See id.* at ¶¶ 25, 29, 37; Docket No. 94-1 at ¶ 9.

[3] *See* Docket No. 94.

[4] *See* Docket No. 101.

Secretary's mental health expert, Dr. John M. Greene. The court may compel a psychiatric examination under Rule 35 when a party's mental condition is in controversy.[5] Starkey admits that her mental health is in issue,[6] and she does not argue that Greene is not suitably licensed or qualified.

Instead, Starkey asks the court to order that the examination be confined to the time period starting five years before she began working at the Presidio of Monterey Police Department. She contends that seeking her prior medical and sexual history impermissibly intrudes on her privacy interests and that this information is irrelevant to her current emotional condition. Starkey is of course correct that her sexual history before the events at issue is inadmissible as evidence under Fed. R. Evid. 412(a). That information therefore may not be sought in fact discovery under Fed. R. Civ. P. 26(b)(1).[7] These standards reflect the reality that the sexual history of the plaintiff in a harassment case is irrelevant and potentially prejudicial to the factual determination of whether he or she was harassed.

Starkey's history is, however, relevant to her current emotional condition. The Secretary is entitled to have a professional expert opine on whether Starkey's alleged severe emotional distress arose from the events at issue or predated them.[8] Events from Starkey's entire lifetime may impact Greene's evaluation of her mental health today.[9] Starkey's fears of abusive questioning are unfounded. Rule 35 allows for examination by a licensed professional, not by a defendant's

---

[5] *See* Fed. R. Civ. P. 35(a)(1) ("The court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.")

[6] *See* Docket No. 101 at 1.

[7] *See, e.g.*, *Macklin v. Mendenhall*, 257 F.R.D. 596, 604-06 (E.D. Cal. 2009); *A.W. v. I.B. Corp.*, 224 F.R.D. 20 (D. Me. 2004); *see also Excel Corp. v. Bosley*, 165 F.3d 635, 640-41 (8th Cir. 1999).

[8] *See Mandujano v. Geithner*, Case No. 10-cv-01226, 2011 WL 825728, at *3-4 (N.D. Cal. Mar. 7, 2011).

[9] *See* Docket No. 94-4 at ¶¶ 4-5.

counsel. As in *Haqq v. Stanford Hospital and Clinics*, "[t]here is no reason to believe that the examiner will not act professionally . . . or will subject [the examinee] to unnecessary testing or inquiry."[10]

Starkey also asks the court to order the disclosure of the raw data from his examination—that is, the questions and answers. Greene objects that these materials are protected by copyright and that such a release would violate his ethical obligations as a mental health professional because individuals not trained in interpreting the data might misuse them.[11] He is willing to disclose the raw data only to Starkey's retained mental health expert.[12] But Starkey has not hired any mental health expert, and Fed. R. Civ. P. 26(a)(2)(B)(ii) requires Greene to produce "the facts or data" he considered in forming his opinions. The raw data from his psychological examination fall within this category.[13] Greene must produce the raw data to Starkey's counsel after the examination. The other limitations that Starkey proposes—and to which the Secretary has not objected—are reasonable, and the Secretary must accommodate them to the extent possible.[14]

***Second***, the Secretary asks the court to order Starkey to appear for an interview with his vocational rehabilitation expert, Andrew M. O'Brien. Starkey has claimed that she is entitled to

---

[10] Case No. 06-cv-05444, 2007 WL 1593224, at *2 (N.D. Cal. June 1, 2007).

[11] *See* Docket No. 94-4 at ¶ 9.

[12] *See id.*

[13] *See Hirschheimer v. Associated Metals & Minerals Corp.*, Case No. 94-cv-06155, 1995 WL 736901, at *5 (S.D.N.Y. Dec. 12, 1995).

[14] These limitations include the following: (1) only Greene and permanent and conventional members of his staff may attend the examination, but not the Secretary's counsel or any other representative thereof; (2) the Secretary must provide timely expert reports; (3) except for specific written psychological tests, neither Starkey nor anyone with her will be asked to answer any written questions or prepare or sign any writing, other than a document to confirm Starkey's identity as the examinee; (4) Starkey will not execute an assignment of benefits form and/or medical or other release; (5) any information acquired in violation of this order will be inadmissible in evidence for any reason; (6) only Starkey and Greene will participate in the mental examination; (7) the mental examination may not be a fitness for duty test and (8) Starkey must be allowed reasonable breaks, including for lunch.

lost wages, including front pay,[15] and the Secretary has raised the defense that Starkey has failed to mitigate her damages.[16] The Secretary must prove this affirmative defense by establishing that there were suitable positions available to Starkey and that she did not use reasonable care and diligence in seeking them out.[17] These positions must be "substantially equivalent" to the position from which the employee was discharged,[18] and whether a position is substantially equivalent is an issue of fact.[19]

Starkey does not dispute that courts may compel an interview with a vocational rehabilitation expert under Rule 35 when a defendant raises this defense and the plaintiff's qualification for employment is in controversy.[20] Starkey argues, however, that she has not placed her ability to work at issue because she has not claimed that her emotional distress has prevented her from seeking work.[21] In fact, she has applied unsuccessfully to a number of law enforcement positions,[22] and she claims that she has been rejected only because she has reported truthfully that

---

[15] *See* Docket No. 1 at ¶ 2.

[16] *See* Docket No. 13 at 8.

[17] *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995); *Sias v. City Demonstration Agency*, 588 F.2d 692, 696-97 (9th Cir. 1978).

[18] *See Odima*, 53 F.3d at 1497 (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir. 1994)).

[19] *See Boehm v. Am. Broad. Co., Inc.*, 929 F.2d 482, 485-86 (9th Cir. 1991).

[20] *See Jefferys v. LRP Publ'ns, Inc.*, 184 F.R.D. 262, 262-63 (E.D. Pa. 1999); *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 200-01 (E.D. Tex. 1996). Some courts facing this question have held otherwise, reasoning that vocational examinations are not physical or mental examinations within the meaning of Rule 35. *See, e.g.*, *Storms v. Lowe's Home Ctrs., Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002); *Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260, 261-62 (D. Minn. 1987). Regardless, Starkey has not argued the issue, so the court need not decide it.

[21] Her mental condition does appear to have affected her job search to some extent. For example, when Starkey applied to the California Highway Patrol, she was invited to participate in physical testing but did not attend, in part because she did not feel emotionally prepared. *See* Docket No. 94-2, Ex. F, at 288:10-24; *id.*, Ex. G, at 109:24-101:5.

[22] *See* Docket No. 94-3.

United States District Court
Northern District of California

she was fired from her most recent job at POMPD. Therefore, Starkey says that there is no contention about whether she is willing and able to work or whether she is qualified for a law enforcement position.

But the firing on Starkey's record is itself part of her qualifications. Whether she can find work despite that termination is a factual issue underlying the Secretary's affirmative defense of failure to mitigate. Moreover, Starkey has not applied for any positions other than in law enforcement, and O'Brien can help determine whether she is qualified for other substantially equivalent positions. Starkey's qualification for employment is in controversy, and she must submit to a Rule 35 examination by a vocational rehabilitation expert. The restrictions that she proposes, however, are reasonable, and the Secretary must accommodate them to the extent possible.[23]

**SO ORDERED.**

Dated: October 23, 2015

PAUL S. GREWAL
United States Magistrate Judge

[23] These restrictions include the following: (1) the interview must be limited to a reasonable time, and Starkey must be allowed reasonable breaks; (2) there can be no discussion of topics subject to the attorney-client privilege or work product protection; (3) Starkey's counsel may attend but not participate; (4) Starkey may record the interview; (5) the interview is not to be treated as a medical examination or a fitness for duty test; (6) there will be no questions related to third parties, medical history or sexual history that is irrelevant to a vocational examination; (7) Starkey will not be financially responsible for any part of the vocational expert interview and (8) Starkey will not be required to provide medical or other releases.